UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUCKNER JOSEMA, on his own
behalf and others similarly situated,

        Plaintiff,

v.

G. JONES, INC. d/b/a G. JONES PLASTERING
a Florida corporation, and GEORGE JONES, individually,

        Defendants.
_____/

## COMPLAINT

1. Plaintiff, LUCKNER JOSEMA (hereinafter referred to as "Plaintiff"), was an employee of Defendants, G. JONES, INC. d/b/a G. JONES PLASTERING, a Florida Profit Corporation, and GEORGE JONES, an individual, (hereinafter collectively referred to as "Defendants"), and brings this action on behalf of himself and other current and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Defendant, G. JONES, INC., is a Florida profit corporation that owns and operates a business in Palm Beach County, Florida and is within the jurisdiction of this court.

3. Defendant, G. JONES, INC., is a Florida profit corporation that has or had employees, including Plaintiff, working in various counties throughout Florida and is within the jurisdiction of this court.

4. Plaintiff individually traveled and performed services for Defendants throughout Florida during his employment.

5. Plaintiff and similarly situated current and former employees, performed services for Defendants throughout their employment.

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint G. JONES, INC. was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

7. Based upon information and belief, the annual gross sales volume of G. JONES, INC. was in excess of $500,000.00 per annum during the relevant time period.

8. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

9. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendants, sui juris and otherwise within the jurisdiction of this Court.

10. At all times material hereto, Defendant, Company, was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

11. That at all times material hereto, Defendant, GEORGE JONES, individually, acted directly in the interests of his employer, the Defendant, Company, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, Company, and is otherwise an 'employer' under the FLSA.

12. At all times material hereto, individual Defendant, GEORGE JONES, was and/or is an individual resident of the State of Florida who owns, manages, directs, and/or operates G. JONES, INC. and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of G. JONES, INC. By virtue of such control

and authority, GEORGE JONES is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

13. GEORGE JONES interviewed and hired Plaintiff.

14. Plaintiff reported to GEORGE JONES.

15. GEORGE JONES was Plaintiff's manager.

16. GEORGE JONES is the owner of G. JONES, INC.

17. Plaintiff repeatedly requested for Defendants to pay him at time and one-half for his overtime hours worked.

18. This action seeks to recover unpaid overtime wages and all allowable damages, interest, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA") for Plaintiff and all current or former hourly employees who worked more than 40 hours in any workweek, for which they were not paid correctly for their overtime hours worked within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "FLSA relevant period"), who elect to opt into this action pursuant to 29 U.S.C. § 216(b) of the FLSA.

19. Plaintiff worked as a drywall repairer, plaster repair and any additional services requested by Defendants for the benefit of his residential and commercial clients.

20. This action is brought to include all employees similarly situated to Plaintiff.

21. Plaintiff is, and was at all times relevant to his employment as alleged herein, a resident in Palm Beach County, Florida.

22. Plaintiff worked during the period of approximately November 2015 until approximately January, 2019.

23. Plaintiff performed non-exempt work as a laborer and related activities throughout the state of Florida for Defendant.

24. At all material times, Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1).

25. All work performed by Plaintiff was for the benefit of Defendants.

26. Plaintiff and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

27. Plaintiff routinely worked more than forty (40) hours per week for Defendants.

28. Plaintiff routinely worked 10 to 12 hours of overtime weekly for Defendants.

29. Plaintiff routinely worked from 7:00 AM until 5:00 PM Monday through Friday.

30. Defendants paid Plaintiff straight-time wages instead of overtime wages for all hours worked.

31. Defendants failed to properly credit Plaintiff for all hours worked.

32. When Plaintiff worked more than forty (40) hours weekly, Defendants would not pay Plaintiff time and one-half for hours worked beyond 40 hours.

33. The services provided by Defendants necessitated that Defendants engage in interstate commerce.

34. Plaintiff was individually engaged in commerce due to the nature of his work.

35. This action is brought to recover from Defendants overtime compensation, unpaid wages, minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

36. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiff and worked in excess of forty (40) hours in a work-week on or after May 2017, but were not properly

paid for all hours worked in excess of forty (40) during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

37. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

38. As a result of Defendants' actions identified herein Plaintiff and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

39. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

40. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked and compensation received by Plaintiff.

## COUNT I, RECOVERY OF OVERTIME COMPENSATION

41. Plaintiff readopts and realleges all allegations contained in Paragraphs 1 through 40 above.

42. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

43. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorney's fees.

44. Plaintiff has retained the undersigned counsel to represent him in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

45. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

46. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, LUCKNER JOSEMA, and those similarly situated to him who have or will opt into this action, demand judgment, jointly and severally, against Defendants, G. JONES, INC. d/b/a G. JONES PLASTERING and GEORGE JONES, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 19 day of May 2020

Respectfully submitted,

*/s/Maguene D. Cadet*

Maguene D. Cadet, Esq., FBN. 0591361
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiff Luckner Josema