UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-80815-MIDDLEBROOKS/BRANNON

LUCKNER JOSEMA, on his own
behalf and others similarly situated,

        Plaintiff,

v.

G. JONES, INC. d/b/a G. JONES PLASTERING
a Florida corporation, and GEORGE JONES, individually,

        Defendants.
_____/

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to this Court's Pretrial Scheduling Order and Order Referring Case to Mediation [DE 6] and Federal Rule of Civil Procedure 41(a)(1), Plaintiff LUCKNER JOSEMA ("Plaintiff"), and Defendants G. JONES, INC. d/b/a G. JONES PLASTERING and GEORGE JONES ("Defendants") (collectively referred to herein as the "Parties"), by and through their respective undersigned counsel, hereby stipulate to the dismissal of this action with prejudice pursuant to the Parties' Settlement Agreement, a copy of which is attached hereto as Exhibit A for the Court's review, consideration, and approval. In support of this Joint Stipulation of Dismissal with Prejudice, the Parties provide the following Joint Memorandum:

1. On May 19, 2020, Plaintiff filed a Complaint seeking payment for alleged wages and overtime compensation under the Fair Labor Standards Act.

2. On June 30, 2020, Defendants filed their Answer to the Complaint. The Parties filed their Joint Discovery Plan on July 8, 2020, and exchanged Initial Disclosures in July respectively.

3. Following extensive settlement discussions over the course of several weeks, which involved the exchange of various information relating to time worked, payments made to Plaintiff, and multiple lengthy communications with counsel, and the Parties, and solely to avoid the cost, time, and uncertainty of litigation, the Parties have negotiated a settlement of this matter, inclusive of attorneys' fees, and have entered into a mutual Settlement Agreement. Such settlement fully satisfies and includes Plaintiff's liquidated damages. The attorney's fees and costs were negotiated independent and separate from the amounts to be paid to Plaintiff. The allocation of the settlement fund is itemized in the Settlement Agreement executed by Plaintiff.

4. The Parties stipulate that the copy of the Settlement Agreement attached to this Motion as **Exhibit A** accurately outlines the terms of their agreement.

5. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982), wage claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. Accordingly, the Parties respectfully request that the Court review and approve the attached copy of the Settlement Agreement.

6. Pursuant to *Lynn's Food*, the purpose of the Court's review of the Parties' settlement is to determine if they are a "fair and reasonable resolution of a bona fide dispute..." *Id.* at 1354-55. If the settlement sets forth a reasonable compromise over issues that are in dispute, the Court may approve the settlement agreement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

7. The Parties jointly agree that the terms of the settlement of this matter is appropriate in light of all of the facts and legal standards applicable to this case. In reaching the

settlement, the Parties have also taken into account the cost of protracted litigation and the risk of either side obtaining a successful or unsuccessful result.

8. The Parties jointly advise the Court that the settlement reached in this case did not involve coercion, collusion, intimidation, or undue influence, but rather, is a fair and reasonable settlement of Plaintiff's alleged claims and was arrived at through negotiation of the Parties and with the input, direction, and authorization of Plaintiff, as well as Defendants.

9. Based on the foregoing, the Parties believe that the settlement of this matter represents a fair, reasonable, and adequate resolution of this matter.

WHEREFORE, the Parties respectfully request that this Court: 1) approve the Parties' Settlement Agreement; and 2) dismiss this action with prejudice.

RESPECTFULLY SUBMITTED, this 1st day of August 2020

| **s/Maguene D. Cadet** | **s/Daniel R. Levine** |
|---|---|
| Maguene D. Cadet, Esquire | Daniel R. Levine, Esquire |
| Florida Bar No. 0591361 | Florida Bar No. 0057861 |
| Law Office of Dieudonne Cadet, P.A. | Padula Bennardo Levine |
| 2500 Quantum Lakes Drive | 3837 NW Boca Raton Blvd., |
| Suite 203 | Suite 200 |
| Boynton Beach, Florida 33426 | Boca Raton, Florida 33431 |
| Telephone: 561-853-2212 | Telephone: 561-544-8900 |
| Facsimile: 561-853-2213 | Facsimile: 561-544-8999 |
| Email: maguene@dieudonnelaw.com | Email: DRL@PBL-law.com |
| Attorney for Plaintiff | Attorney for Defendants |